UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
NICHOLAS ASHLEY,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,
----------------------------------------------------X

**MEMORANDUM & ORDER**

Civil Action No. 07-861

**APPEARANCES:**

**For Petitioner:**
Nicholas Ashley, Pro Se
Inmate No. 68977-053
FCI-Fairton
PO Box 420
Fairton, New Jersey 08320

**For Respondent:**
Roslynn R. Mauskopf
United States Attorney, Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
By: Evan Williams, AUSA

**HURLEY, Senior District Judge:**

Petitioner Nicholas Ashley ("Petitioner" or "Ashley") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence arising from a 2006 conviction in this Court. Petitioner also seeks appointment of counsel and an evidentiary hearing on the matter. For the reasons set forth below, Petitioner's motion is denied in its entirety.

## Background

Petitioner was arrested in 2005 by the Federal Bureau of Investigation ("FBI") on charges that he purchased crack cocaine for distribution, in violation of 21 U.S.C. § 841. On September 26, 2005, pursuant to a written plea agreement, Petitioner pled guilty to possession of, with intent

to distribute over five grams of crack cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii).

The written plea agreement set forth, *inter alia*, that the charged count in the information carried a maximum term of imprisonment of forty years, a minimum term of imprisonment of five years, a minimum supervised released term of four years, a maximum release term of life, a maximum fine of $2,000,000, and a $100 special assessment fee. (Plea Agreement 1-2.) It further advised that the United States Sentencing Guidelines ("Guidelines" or "Guideline") were not mandatory but merely advisory and that the government estimated that the likely adjusted offense level for Petitioner was 26, calculated as follows:

| | |
|---|---|
| Base Offense Level (2D1.1(c)(6)) | 28 |
| Less: Acceptance of Responsibility (3E1.1(a)) | <u>-2</u> |
| Total: | 26 |

(Plea Agreement at 2.) Assuming Petitioner fell within criminal history category III, the plea agreement advised that this level carried a range of imprisonment of 78 to 97 months. (*Id*.) Further, the following reductions were made available to Petitioner: (1) if Petitioner pled guilty on or before September 26, 2005, the government would move for a one point reduction, resulting in an offense level of 70 to 87 months, assuming Petitioner fell within criminal history category III, and (2) if at least twelve of Petitioner's co-defendants entered guilty pleas pursuant to plea offers, on or before a specified date, the government would move for a one point reduction, resulting in an offense level of 63 to 78 months, assuming Petitioner fell within criminal history category III. (*Id*. at 2-3.) In total, if Petitioner met the requirements, his adjusted offense level would be 24. (*Id*.) The plea agreement went on to state that "[i]f the Guideline

offense level advocated by the Office, or determined by the Probation Department or the Court, is different from the estimate, [Petitioner] would not be entitled to withdraw the guilty plea." (*Id.*)

Under the plea agreement, Petitioner expressly waived his right to "appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 97 months or below." (Plea Agreement at 3-4.)

On September 26, 2005, Petitioner and one of his co-defendants, Andre Boyd, pled guilty before Magistrate Judge William Wall. Petitioner was then sentenced before this Court on April 5, 2006. Prior to sentencing the following colloquy took place:

> The Court: Mr. Ashley if you would be seated. As indicated, I just want to go over one aspect of the plea agreement with you. The plea agreement in No. 4 paragraph, reading as follows, the defendant will not file an appeal or otherwise challenge the conviction or sentence in the event the court imposes a term of imprisonment of 97 months or below, close quotes.
>
> I know that you went over this when your plea was taken. As indicated during the plea allocution, if you do receive a sentence which includes a period of incarceration of 97 months or less, you would have no right to appeal your sentence or conviction.
>
> Every convicted defendant typically does have a right to appeal, and in this case you would appeal to the Second Circuit. But like most rights, it can be surrendered or given up. Under this plea agreement, you would lose your right to appeal, again, if that condition occurred, so your sentence included a period of incarceration of 97 months or less.
>
> And that was gone over on a prior occasion, but do you understand that?

3

[Petitioner]: Yes.

The Court: The other aspect I would like to go over with you has to do with what they call a collateral attack. Sometimes a defendant will claim that the conviction and sentence is in violation of a constitutional right.

And that's done by what they call a writ of habeas corpus, but there's other ways in which you can challenge a sentence after sentence is imposed other than a direct appeal. What I'm trying to make clear is again if that condition occurs, if you receive 97 months or less by way of imprisonment today, that you would not have a right to otherwise challenge your conviction or sentence.

Basically, it would be over. You could not appeal, nor could you otherwise challenge, via a writ of habeas corpus or otherwise, your sentence.

Do you understand that sir?

[Petitioner]: Yes, sir.
. . .

The Court: I am prepared to accept the plea allocution taken before Judge Wall.

Does the government have any objection if I do so?

Ms. Boeckman: No, your Honor.

The Court: Mr. Gentile?

Mr. Gentile: No, your Honor.

The Court: The plea is accepted.

(Apr. 5, 2006 Tr. at 3-5.) Upon inquiry by this Court, Petitioner's counsel, Joseph Gentile, did

4

not object to this Court's acceptance of the plea. (*Id*. at 5.) During sentencing it was determined that Petitioner's adjusted offense level was 24, which carried a range of imprisonment of 63 to 78 months. (*Id*. at 10.) Petitioner was sentenced by this Court to 63 months in jail followed by five years of supervised release.[1] (*Id*. at 21.)

## Review of Ashley's Petition

Petitioner's motion pursuant to 28 U.S.C. § 2255 alleges, *inter alia*, that this Court failed to comply with the Guideline 5G1.3(b) and Fed. R. Crim. P. 32(c)(3) by not considering an undischarged term of imprisonment when sentencing Petitioner. More specifically, Petitioner's motion asserts that: (1) the present motion pursuant to 28 U.S.C. § 2255 is timely because it is filed within one year of Petitioner's sentencing date, (2) Petitioner has not waived his right to appeal or collaterally attack his April, 5, 2006 sentence because this Court failed to properly apply Guideline 5G1.3(b), and (3) Petitioner's sentence is invalid and should be reduced because Petitioner's undischarged term of imprisonment relating to a probation violation in was already "taken into full account" in the Pre-Sentence Investigation Report ("PSR"). (*See generally* Dkt. No. 1.)

## Discussion

### I.     Petitioner Expressly Waived the Right to Challenge His Sentence

It is well settled that "[i]n no circumstance . . . may a defendant, who has secured the benefit of a plea agreement and knowingly waived the right to appeal a certain sentence then

---

[1] On May 6, 2009, an Amended Judgment was issued reducing Petitioner's sentence from 63 months to 60 months pursuant to 18 U.S.C. § 3582(c)(2), based on the retroactivity of Guideline 2D1.1(c)(7) which lowered the guideline range for the relevant offense to 51 to 63 months, with the mandatory minimum sentence now 60 months. (*See United States v. Ashley*, Criminal Action No. 04-1097 at Dkt. No. 271.)

appeal the merits of the sentence conforming to the agreement." *United States v. Salcido-Contreras,* 990 F.2d 51, 53 (2d Cir. 1993). Similarly, a defendant who has secured the benefit of a plea agreement and knowingly waived the right to collaterally attack a certain sentence may not then collaterally attack the sentence conforming to the agreement. *Garcia-Santos v. United States,* 273 F.3d 506 (2d Cir. 2001). *See also United States v. Haynes,* 412 F.3d 37 (2d Cir. 2005); *United States v. Morgan,* 406 F.3d 135 (2d Cir. 2005); *United States v. Monzon,* 359 F.3d 110 (2d Cir. 2004); *United States v. Yemitan,* 70 F.3d 746, 747-48 (2d Cir. 1995).

"[A] defendant's knowing and voluntary waiver of [their] right to appeal a conviction and sentence within an agreed-upon guideline range is valid and enforceable." *United States v. Reap*, 2010 WL 3394196, at *1 (2d Cir. Aug. 30, 2010) (*citing United States v. Hernandez,* 242 F.3d 110, 113 (2d Cir. 2001)). However, a defendant may seek relief from an agreed-upon appeal waiver "if it can be shown that the plea itself was not knowing and voluntary, where sentencing was based on a constitutionally impermissible factor such as bias, or where the government breaches the plea agreement." *Reap*, 2010 WL 3394196, at *1 (internal citations omitted). None of those situations are present here.

It should be noted that "[a] narrow exception to the enforcement of a waiver in a plea agreement exists where a defendant can show that ineffective assistance of counsel rendered the defendant's agreement to the waiver unknowing or involuntary." *Jimenez v. United States*, 2010 WL 2816973, at *3 (S.D.N.Y. July 15, 2010) (*citing United States v. Monzon,* 359 F.3d 110, 118-19 (2d Cir. 2004); *Olivares v. United States*, 2006 WL 2057188, at *2 (S.D.N.Y. July 24, 2006)). Here, Petitioner has not alleged that he was denied effective assistance of counsel, nor does the record suggest, let alone support a finding, that ineffective assistance of counsel, or

anything else, led to an unknowing or involuntary waiver.

As stated above, Petitioner received specific notice of his waiver of the right to appeal and the effect of his waiver on his right to file a § 2255 motion. He knowingly and voluntarily waived his right to appeal or otherwise challenge his sentence, and has not offered any evidence to the contrary. This Court inquired on the record, with Petitioner's counsel present, and Petitioner acknowledged that he understood the consequences of waiving his right to appeal his sentence via direct appeal and/or collateral attack if this Court imposed a term of imprisonment of 97 months or below. (Apr. 5, 2006 Tr. at 3-5.)

## II. Petitioner's Claims are Without Merit

As stated above, Petitioner has waived the right to challenge his sentence. Even assuming, *arguendo*, that such was not the case, the basis of his request is without merit.

Petitioner asserts that his "waiver is certainly not controlling, because his waiver did not encompass his right to appeal the District Court's lack of application of [Guideline 5G1.3(b)] as would be mandated in this case." (Dkt. No. 1 at 4.) Petitioner maintains that this Court did not realize that his Connecticut probation violation was already "taken into full account" in arriving at Petitioner's offense level. (*Id*. at 6.) As a result, his "undischarged term of imprisonment" in Connecticut should have been noted as a credit, and pursuant to Guideline 5G1.3(b), a downward adjustment in sentencing should have been given. (*Id.* at 6-7.)

Guideline 5G1.3(b) deals with undischarged terms of imprisonment for acts which were the basis of an increase in the offense level for the instant offense, and directs courts to:

> (1) adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

7

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Although the PSR added three points in total when computing Petitioner's criminal history for committing the charged offense while under probation supervision in Connecticut for a 2000 criminal conviction–there was no undischarged term of imprisonment for Petitioner's probation violation case. (PSR at 21-22.)

On April 5, 2006, when this Court sentenced Petitioner, he had not been arraigned on the Connecticut warrant charging him with a violation of probation, no less adjudicated to have violated probation and sentenced. As a result, there was no undischarged term of imprisonment which would have triggered Guideline 5G1.3(b)'s application.

### III. Petitioner's Motion to Appoint Counsel and Request for an Evidentiary Hearing are Denied

Petitioner also moves for an evidentiary hearing to be held on the matter and requested counsel to be present at said meeting. (Dkt. No. 8-9.) As stated above, Petitioner's motion is devoid of merit, and thus the Court need not address this aspect of Petitioner's motion.

### Conclusion

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 is denied.


**SO ORDERED.**

Dated: Central Islip, New York
October 6, 2010              /s
                             Denis R. Hurley
                             Senior District Judge